**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **JAMES WIDTFELDT,** | ) | **CASE NO. 8:08CV65** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **STATE OF NEBRASKA, THOMAS P. HERZOG, INTERNAL REVENUE SERVICE, and UNITED STATES OF AMERICA,** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant State of Nebraska's Motion to Dismiss (Filing No. 10) and Defendant Thomas P. Herzog's Motion to Dismiss (Filing No. 12). Plaintiff filed a Reply Brief in Opposition to both of these Motions. (Filing No. 18.) As set forth below, both Motions are granted.

## I. BACKGROUND

On February 8, 2008, Plaintiff James Widtfeldt, "Individually and as Power of Attorney for Gusteva Widtfeldt," filed his Complaint against four Defendants, the State of Nebraska, Thomas P. Herzog ("Herzog"), the Internal Revenue Service, and the United States of America. (Filing No. 1 at CM/ECF p. 1.) Herzog is the County Attorney for Holt County, Nebraska. (Filing No. 13 at CM/ECF p. 2.)

On March 13, 2008, Defendant State of Nebraska filed a Motion to Dismiss (Filing No. 10) and Brief in Support (Filing No. 11). Five days later, Defendant Herzog also filed a Motion to Dismiss (Filing No. 12) and Brief in Support (Filing No. 13). Plaintiff filed a Reply Brief in Opposition to both of these Motions on April 7, 2008. (Filing No. 18.)

## II. SUMMARY OF THE COMPLAINT

Condensed and summarized for clarity, Plaintiff alleges a wrongful death claim, a negligence claim, a breach of contract claim, and several tax-related claims. (Filing No. 1 at CM/ECF pp. 2-4, 11, 14-16, 18.) Plaintiff seeks monetary damages in the amount of $192,000.00 plus interest for Gusteva Widtfeldt's wrongful death, "$100,000 per year for 15 years" for the cost of Norma Skjold and Gusteva Widtfeldt's care, and "$100,000 a year from 1988 to present for wrongful breach of contract." (Id. at CM/ECF pp. 4, 7-8, 15.) Plaintiff also seeks numerous "tax reductions," and a "refund of land value reductions." (Id. at CM/ECF pp. 11, 15-17, 19.)

## III. ANALYSIS

### A. Standard of Review

In order to withstand a motion to dismiss, a pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

**B.      Defendant State of Nebraska's Motion to Dismiss**

Defendant State of Nebraska's Motion to Dismiss argues that, among other things, Plaintiff's Complaint must be dismissed because the State of Nebraska is entitled to sovereign immunity. (Filing No. 11.) Condensed and summarized for clarity, Plaintiff's Reply Brief in Opposition to this Motion states that the Complaint should not be dismissed because "the government is stonewalling the loosing [sic] of huge plagues . . . AND the Nebraska Supreme Court is ridiculing" the Plaintiff. (Filing No. 18 at CM/ECF p. 11.) The court agrees with the State of Nebraska that it enjoys sovereign immunity and the claims against it must therefore be dismissed.[1]

The Eleventh Amendment to the U.S. Constitution bars federal court actions for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity. *See, e.g.,* Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Further, such an award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment unless the state has waived immunity or there has been an override of immunity by Congress. *See, e.g.,* Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 444 (8th Cir. 1995); Nevels v. Hanlon, 656 F.2d 372, 377-378 (8th Cir. 1981).

---

[1] Because the court finds that the State of Nebraska is entitled to sovereign immunity, it need not address Defendant's other arguments regarding the Tax Injunction Act and the failure of Plaintiff to state a claim upon which relief may be granted.

3

Here, Plaintiff seeks only monetary relief. (Filing No. 1 at CM/ECF pp. 4, 7-8, 11, 15-17, 19.) As set forth above, the State of Nebraska cannot be sued for monetary relief in this forum because it enjoys sovereign immunity from such claims. Therefore, Plaintiff's claims against the State of Nebraska are dismissed. However, the court will dismiss the claims against the State of Nebraska without prejudice to reassertion in state court.

**C.     Defendant Thomas P. Herzog's Motion to Dismiss**

In his Motion to Dismiss, Defendant Herzog states that he is entitled to absolute prosecutorial immunity.[2] (Filing No. 13 at CM/ECF p. 2). "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (citations omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* Where a prosecutor's actions are investigatory or administrative, that individual is entitled only to qualified immunity. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

The focus in determining the nature of the prosecutor's actions is "whether the [prosecutor's] act was closely related to [his] role as advocate for the state." *Id.* at 1267. The official seeking the protection of absolute prosecutorial immunity "'bears the burden of showing that such immunity is justified for the function in question.'"

---

[2]Plaintiff's Reply Brief in Opposition to Defendant Herzog's Motion fails to address prosecutorial immunity or any of the other arguments raised in Defendant Herzog's Brief in Support. (Filing No. 18.)

4

*Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (quoting and citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Plaintiff alleges that Defendant Herzog intentionally filed a trespass action against James Widtfeldt to "cause Gusteva Widtfeldt to contract an illness" that caused her death. (Filing No. 1 at CM/ECF p. 3.) Defendant Herzog's act of filing a trespass charge against Plaintiff is a prosecutorial function protected by absolute immunity. *See Schenk,* 461 F.3d at 1046 (holding acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government). There is no allegation in the Complaint that Herzog's actions were investigatory or administrative. Herzog is therefore entitled to absolute prosecutorial immunity, and the claims against him are dismissed with prejudice.

**D.     The Remaining Defendants**

Plaintiff's Complaint names two additional Defendants, the Internal Revenue Service and the United States of America. (Filing No. 1 at CM/ECF p. 1.) In order effect service of process on the United States of America, or its agencies, a plaintiff must comply with Federal Rule of Civil Procedure 4(i). In accordance with Rule 4(i), Plaintiff may either serve a summons and copy of his Complaint on the United States attorney in this District or to the "Attorney General of the United States at Washington, D.C." *Id.*

Here, Plaintiff served a summons and a copy of his Complaint to the "Solicitor General of the US" in Washington, D.C. (Filing No. 16.) Plaintiff therefore has not properly served the United States of America, and the time in which to do has passed. However, on the court's own motion, Plaintiff shall have an additional 30 days in which to properly

5

serve the United States of America in accordance with the Federal Rules of Civil Procedure. Additionally, Plaintiff has not yet attempted to serve the Internal Revenue Service, an agency of the United States. Although the time in which to do so has passed, the court will also permit Plaintiff another 30 days in which to serve the Internal Revenue Service in accordance with the Federal Rules of Civil Procedure. In the absence of proper service on these two remaining Defendants, the claims against them will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1. Defendant State of Nebraska's Motion to Dismiss (Filing No. 10) is granted. The claims against the State of Nebraska are dismissed without prejudice to reassertion in state court;

2. Defendant Thomas P. Herzog's Motion to Dismiss (Filing No. 12) is granted. The claims against Defendant Herzog are dismissed with prejudice;

3. Plaintiff shall have until August 4, 2008, to effect service of process on Defendants United States of America and the Internal Revenue Service. In the absence of proper service of process, the claims against the remaining Defendants will be dismissed without prejudice and without further notice; and

4. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: August 4, 2008: check for service on remaining Defendants and dismiss if no proper service.

Dated this 3rd day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge