**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **JAMES WIDTFELDT, Individually and as Power of Attorney for GUSTEVA WIDTFELDT,** ) ) ) ) | **CASE NO. 8:08CV65** |
| **Plaintiff,** ) ) | |
| v. ) ) | **MEMORANDUM AND ORDER** |
| **STATE OF NEBRASKA, THOMAS P. HERZOG, INTERNAL REVENUE SERVICE, and UNITED STATES OF AMERICA,** ) ) ) ) ) | |
| **Defendants.** ) | |

This matter is before the court on Defendant Thomas Herzog's ("Herzog") Motion for Attorney's Fees (Filing No. 20), Plaintiff's Motion for Alias Summons (Filing No. 23) and Plaintiff's Motion for Rehearing on Court Order (Filing No. 26)[1].

## I.   *Motion for Attorney's Fees*

Herzog filed a Motion for Attorney's Fees arguing that the award of fees is proper because Plaintiff's claims are "frivolous, unreasonable, and groundless" and because Plaintiff is a lawyer who has "repeatedly filed irrelevant and abusive motions and pleadings" in other cases. (Filing No. 22 at CM/ECF pp. 1, 3.) In opposing the Motion, Plaintiff argues the merits of his claims against Herzog. (Filing No. 26 at CM/ECF pp. 7-8.)

   As recently set forth by the Eighth Circuit:

> Pursuant to § 1988, a district court may award attorney fees to a prevailing party in a lawsuit brought to enforce a provision of § 1983. A prevailing defendant, however, is entitled to attorney's fees only in very narrow circumstances. A plaintiff should not be assessed his opponent's attorney's fees unless the district court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became

---

   [1]Plaintiff filed three copies of this document. (Filing Nos. 24, 25, and 26.) The court will consider only Filing No. 26, and will deny Filing Nos. 24 and 25 as duplicative.

> so. Even allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, "groundless" or "without foundation . . . ." Rather, so long as the plaintiff has some basis for his claim, a prevailing defendant may not recover attorneys' fees. Finally, we are mindful of the Supreme Court's admonition to avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.

*Williams v. City of Carl Junction, Mo.*, 523 F.3d 841, 843 (8th Cir. 2008) (citations and quotations omitted) (reversing district court's award of attorney fees to the defendants where the plaintiff's claims were not meritorious but were not frivolous or unreasonable).

Here, the court dismissed the claims against Herzog in its July 3, 2008, Memorandum and Order because Herzog is entitled to absolute prosecutorial immunity. (Filing No. 19.) Defendants argue that Plaintiff's claims against Herzog lack a factual foundation and were "implausible." However attenuated Plaintiff's claims for wrongful prosecution may be, the court finds that the claims against Herzog were not frivolous or groundless. As such, an award of attorney's fees is not warranted.

### II.     *Motion for Rehearing*

Also pending is Plaintiff's Motion for Rehearing (Filing No. 26), which the court liberally construes as a Motion for Reconsideration. (Filing No. 26.) In his Motion, Plaintiff seeks reconsideration of the court's July 3, 2008, Memorandum and Order which dismissed Plaintiff's claims against all Defendants except the Internal Revenue Service. (Filing No. 19.) The court has carefully reviewed Plaintiff's Motion and finds no good cause for reconsideration of any portion of its July 3, 2008, Memorandum and Order.

### III.    *Motion for Alias Summons*

In his Motion for Alias Summons, Plaintiff request that the court issue four additional summons forms for service on the only remaining Defendants, the Internal Revenue

Service and the United States of America. (Filing No. 23.) In accordance with its previous Memorandum and Order, the court will direct the Clerk of the court to issue the requested summons forms. Plaintiff was previously given until August 4, 2008, to complete service of process on these Defendants. In light of this Memorandum and Order, the court will permit one more extension of time in which to serve these Defendants.

IT IS THEREFORE ORDERED that:

1. Defendant Thomas P. Herzog's Motion for Attorney's Fees (Filing No. 20) is denied;

2. Plaintiff's Motion for Rehearing (Filing No. 26), construed as a Motion for Reconsideration, is denied;

3. Plaintiff's Motions for Rehearing (Filing Nos. 24 and 25) are denied as duplicative;

4. Plaintiff's Motion for Alias Summons (Filing No. 23) is granted. The Clerk of the court shall issue four summons forms to Plaintiff as set forth in his Motion;

5. Plaintiff shall have until January 23, 2009 in which to complete service of process on Defendant Internal Revenue Service. In the event that Plaintiff fails to complete service of process by that date, this matter will be dismissed without further notice. **No further extensions of time to complete service of process will be permitted**; and

6. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: January 23, 2009: check for service of process on IRS and dismiss if not completed.

DATED this 18th day of December, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge