IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JAMES WIDTFELDT, Individually and as Power of Attorney for GUSTEVA WIDTFELDT,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF NEBRASKA, THOMAS P. HERZOG, INTERNAL REVENUE SERVICE, and UNITED STATES OF AMERICA,**<br><br>Defendants. | **CASE NO. 8:08CV65**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendants Internal Revenue Service ("IRS") and United States of America's ("United States") Motion to Dismiss. (Filing No. 39.) As set forth below, the Motion is granted.

### I.   BACKGROUND

On February 8, 2008, Plaintiff James Widtfeldt, "Individually and as Power of Attorney for Gusteva Widtfeldt," filed his Complaint against four Defendants, the State of Nebraska, Thomas P. Herzog ("Herzog"), the IRS and the United States. (Filing No. 1 at CM/ECF p. 1.) The court dismissed the claims against the State of Nebraska and Herzog on July 3, 2008. (Filing No. 19.)

On March 12, 2009, the IRS and the United States filed their Motion to Dismiss and Brief in Support. (Filing Nos. 39 and 40.) Plaintiff filed an Objection to the Motion to Dismiss. (Filing No. 43.)

## II. SUMMARY OF THE COMPLAINT

Plaintiff's allegations are difficult to decipher. Plaintiff appears to allege a wrongful death claim, a negligence claim, a breach of contract claim, and several tax-related claims. (Filing No. 1 at CM/ECF pp. 2-4, 11, 14-16, 18.) His tax claims relate to allegedly wrongfully paid estate taxes after the death of Plaintiff's parents. (*Id.* at CM/ECF pp. 3-4.) The remaining claims against the IRS and the United States relate to Plaintiff's belief that the United States caused the death of his mother by mismanaging the "Plum Island Germ Warfare facility" in New York. (*Id.* at CME/CF pp. 5-7.) Plaintiff also alleges that the IRS has charged excessive taxes ib his businesses and land. (*Id.* at CM/ECF pp. 13-15.)

Plaintiff seeks only monetary damages. Specifically, Plaintiff seeks $192,000.00 plus interest for Gusteva Widtfeldt's wrongful death, "$100,000 per year for 15 years" for the cost of Norma Skjold and Gusteva Widtfeldt's care, and "$100,000 a year from 1988 to present for wrongful breach of contract." (*Id.* at CM/ECF pp. 4, 7-8, 15.) Plaintiff also seeks various tax refunds. (*Id.* at CM/ECF pp. 11, 15-17, 19.)

## III. ANALYSIS

The IRS and the United States seek dismissal of the claims against them because they have sovereign immunity from Defendant's claims for monetary relief. "Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued . . . . This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim

for money damages against the United States, its agencies, and its officers in their official capacities. *See, e.g.,* FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Sherwood, 312 U.S. 584, 586 (1941). Further, "sovereign immunity is jurisdictional in nature." Meyer, 510 U.S. at 475, *citing* United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

"The United States has given its consent to be sued for refunds of federal taxes in a carefully articulated statutory scheme, otherwise sovereign immunity would bar such a suit." Hansen v. United States, 248 F.3d 761, 763 (8th Cir. 2001) (citations omitted). In addition, "Congress has determined that district courts have original jurisdiction of '[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'" *Id.* (quoting 28 U.S.C. § 1346(a)(1)). However, the Supreme Court has held that "waiver of sovereign immunity is not unconditional," and a taxpayer seeking a tax refund "must have paid the disputed tax in full and have duly filed an administrative claim for a refund." Hansen, 248 F.3d at 764 (citing United States v. Dalm, 494 U.S. 596, 601-02 (1990)); *see also* 26 U.S.C. § 7422(a).

Plaintiff seeks various tax refunds for estate taxes paid, and taxes paid on land and/or businesses that he believes were overvalued by the United States and Nebraska. However, there is no indication in the record before the court that Plaintiff first filed any administrative claim for a refund with the IRS before filing this action. Additionally, to the extent Plaintiff seeks monetary damages for claims relating to his mother's wrongful death, breach of contract, or other tort claims, the court has found nothing showing that the IRS

3

or the United States has waived its sovereign immunity for these claims. In light of this, the court lacks subject-matter jurisdiction over Plaintiff's claims against the IRS and the United States and all claims against these Defendants are dismissed. The court need not reach Defendants' other arguments for dismissal. However, the court will dismiss the claims without prejudice to reassertion in an appropriate administrative action.

IT IS THEREFORE ORDERED that:

1. Defendants Internal Revenue Service and United States of America's Motion to Dismiss (Filing No. 39) is granted;

2. A separate Judgment will be entered in accordance with this Memorandum and Order; and

3. All other pending Motions are denied as moot.

DATED this 26th day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge